ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and briefs of the parties. The court denied defendant Larry Robinson's motion to suppress fifty-one rocks of crack cocaine found in his car during an inventory of his vehicle. The police conducted the inventory after they stopped Robinson for speeding and arrested him for driving while under a license suspension.
The court found that Robinson had been speeding as a basis for the traffic stop, and credible evidence supported this determination. We must defer to this factual finding. See State v. Keene
(1998), 81 Ohio St.3d 646, 656.
The court likewise relied on credible evidence to approve the Cleveland Police inventory of the contents of the vehicle. See Statev. Cook (2001), 143 Ohio App.3d 386. Although Robinson argued that his passenger could have driven the vehicle away, he failed to present any credible evidence whatsoever to support this argument, particularly since the passenger had been arrested for a drug law violation as well.
Finally, competent credible evidence supported the court's factual determination that the police were entitled to search Robinson for weapons after they observed him making furtive gestures beneath the seat of his car after being stopped. See State v. Lozado (2000),92 Ohio St.3d 74, paragraph one of the syllabus. In any event, the search would have been lawful as a consequence of Robinson's valid arrest for driving while under a license suspension. See State v. Murrell (2002),94 Ohio St.3d 489, syllabus.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS IN JUDGMENT ONLY.
JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY.